BRIAN MICHAELS, OSB # 925607
259 East Fifth Avenue, Suite 300-D
Eugene, Oregon 97401
541-687-0578
Fax 541-686-2137
brian@brianmichaelslaw.com

MARIANNE DUGAN, OSB # 932563
259 E. 5th Avenue, Suite 200-D
Eugene, OR 97401
541-338-7072
Fax no. 866-650-5213
mdugan@mdugan.com

       Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| ALVIN JOHNS,<br><br>       Plaintiff,<br><br>v.<br><br>CITY OF EUGENE; OFFICER YOLANDA CONNER (BADGE# EPD293); OFFICER KYLE EVANS (BADGE# EPD119); OFFICER BRYAN INMAN (BADGE# EPD120); OFFICER ROBERT ROSALES BADGE# EPD125); BETSY JEAN CASTLETON,<br><br>       Defendants | CASE NO.: 6:16-cv-907<br><br>COMPLAINT<br><br>42 U.S.C. 1983 – UNLAWFUL ARREST AND DETENTION; VIOLATION OF THE FOURTEENTH AMENDMENT'S GUARANTEES OF EQUAL PROTECTION; NEGLIGENCE; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS and PUNITIVE DAMAGES<br><br>JURY TRIAL REQUESTED |

PAGE 1 - COMPLAINT

**JURISDICTION AND VENUE**

1.      This is a civil action for damages and attorney's fees, for unlawful search and seizure of persons and real property; unlawful arrest and detention (Fourth Amendment), and violation of the equal protections of law (Fourteenth Amendment), under 42 U.S.C. 1983. These claims arise out of a late night contact by defendants Officer Yolanda Conner, Officer Kyle Evans, Officer Brian Inman and Officer Robert Rosales who were dispatched to plaintiff's home by plaintiff for assistance in dealing with defendant Betsy Jean Castleton, who would not leave plaintiff's porch and who was drunk and threatening to plaintiff. Ultimately, defendant Castleton reported to the police defendants that plaintiff had struck her with a baseball bat, and smashed her cell phone. Defendant officers chose to arrest plaintiff for assault with a bat and criminal mischief.

2.      Jurisdiction for the federal claims exists under 28 U.S.C. 1331 because this action arises under the laws of the United States.

3.      Jurisdiction for the state claims exists under 28 U.S.C. 1367.

4.      Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. 1391(b) in that this is a civil action wherein jurisdiction is not founded on diversity of citizenship and plaintiff's claims arise within this judicial district.

**PARTIES**

5.      At all relevant times, plaintiff was a resident of Lane County, Oregon.

6.      Defendant officer CONNER is sued in her individual official capacity. She was at all times relevant an officer of the Eugene Police Department (EPD). Officer Conner was the

officer who conducted the interviews of plaintiff Johns, his son Alvin Johns II, and accuser/defendant CASTLETON. It was her decision to arrest plaintiff despite the fact she "smelled a strong odor of alcohol on [Castleton's] breath," and did not see any bruising or redness where Castleton said she was hit in the throat by the baseball bat.

7.      Defendant officer EVANS is sued in his individual official capacity. He was at all times relevant an officer of the EPD. Officer Evans assisted officers Connor and Inman in the arrest of plaintiff, and the collection of evidence.

1.      Defendant officer INMAN is sued in his individual official capacity.  He was at all times relevant an officer of the EPD. Officer Inman was with officer Connor during the interviews, and participated in those interviews, at times accusing plaintiff of crimes, and of making statements he did not make. Officer Inman transported plaintiff to the jail, after assisting in his arrest.

8.      Defendant officer ROSALES is sued in his individual official capacity. He was at all times relevant an officer of the EPD. Officer Rosales assisted officers Connor and Inman in the arrest of plaintiff, and the collection of evidence.

9.      Defendant BETSY JEAN CASTLETON was at all times relevant a resident of Lane County Oregon. defendant Castleton arrived late at night at plaintiff's home, wanting to see his son. She was intoxicated by alcohol and possibly other substances, and would not leave the porch after being told repeatedly to leave by plaintiff. After plaintiff called 911 for assistance in removing her from his porch, defendant Castleton gave false information to the police about being hit with a baseball bat by plaintiff, and that plaintiff smashed her cell phone with a baseball bat.

PAGE 3  - COMPLAINT

10.     With the exception of defendant Castleton, the individual defendants' acts which are the subject of this lawsuit were undertaken in the regular course of their employment for defendant City of Eugene, hereinafter City.

11.     Defendant City is a municipal corporation charged with and responsible for appointing and promoting the members of the EPD and its personnel. At all relevant times the City had the power, right and duty to control the manner in which the individual defendants carried out the objectives of their employment, and to see that all orders, rules, training, instructions and regulations promulgated for the EPD were consistent with the State and federal constitutions, statutes, and the laws of the municipality.

**FACTUAL OVERVIEW**

12. These claims arise out of a late night contact by defendants' officer Conner, officer Evans, officer Rosales, and officer Inman who were dispatched to plaintiff's home by plaintiff for assistance in dealing with defendant Castleton, who would not leave plaintiff's porch and who was drunk and threatening to plaintiff. Ultimately, defendant Castleton reported to the police defendants that plaintiff had struck her with a baseball bat, and smashed her cell phone. Defendant officers arrested plaintiff for assault with a bat and criminal mischief.

13. Plaintiff was in his home when the accuser, an obviously intoxicated Caucasian woman, knocked at the door and demanded to see his son who was living upstairs. Plaintiff was a 58-year-old black man, whose son was in a relapse of alcoholism, and did not want to have this obviously intoxicated woman interacting with his son at this time of night or for that purpose. Several times he told her to leave, but she kept coming back—loud and obnoxious. Frustrated with the situation he threatened her verbally, and showed her a bat. Quite obvious from her

police photographed injuries, she fell backwards, unable to maintain her balance, landing on her cell phone.

14.    When the police arrived she told the police she was hit with a baseball bat. Upon arrival, the police interviewed the accuser, photographed her alleged injuries, and noted the accuser was intoxicated. Among the photographs was one of her head showing her pupils were extremely dilated, indicating other forms of intoxication. There were no bruises or injuries consistent with being hit by a baseball bat. Plaintiff, also interviewed, was sober, and denied all allegations of having struck her in any form. He was merely defending his home and his son from this unwanted trespasser, who was intoxicated and unruly. Regardless, plaintiff was handcuffed and brought to jail.

15.    He remained in custody for 3 days, when he was released on a release agreement. The release agreement required plaintiff move out of his home, to be a mile from defendant Castleton, listed as the alleged victim. Plaintiff was thereby forced to live in the Extended Stay hotel on Harlow Road where he spent approximately 23 days at a cost of approximately $1350. His personal life was naturally a strewn and uprooted. Additionally, his release agreement required him to not walk on his street or go to his home or neighbors, as well as to refrain from the use of alcohol, or from leaving the state. These restrictions interfered with his health visits to his physician in San Francisco, his vacation plans for Thanksgiving, and his plans to see the Oakland Raiders play in Seattle with his son, which had been planned since the beginning of the season.

16.    Plaintiff was forced to hire first attorney John Kelego, then attorney Brian Michaels, at a total cost of $7,000.

17.    Plaintiff was first charged with Criminal Mischief, and offered a plea to that misdemeanor charge in exchange for not being charged with felony Assault 2, a Measure 11 charge with a minimum sentence of 70 months in prison. Instead, plaintiff elected to testify in front of the Grand Jury considering the Assault 2 charge, who declined to charge him with any charges. Defendant Castleton also testified at that grand jury proceeding.

## FIRST CLAIM FOR RELIEF
### (Violation of Constitutional Right to Substantive Due Process
### False Arrest and Imprisonment - Seizure)
### (42 U.S.C. § 1983, Fourth Amendment to the U.S. Constitution)
### (Individual Defendants)

18.    The foregoing paragraphs are incorporated herein by reference.

19.    By their actions as described herein, in detaining and arresting plaintiff without a warrant, probable cause, or other constitutionally adequate lawful provision, the individual defendants, acting under color of statute, ordinance, regulation, custom, or usage, subjected plaintiff the deprivation of his liberty interests, which constitutes rights, privileges, or immunities secured by the Constitution and laws.

20.    As a direct and proximate result of the unlawful detention and arrest, plaintiff sustained actual damages, including loss of liberty; mental and emotional suffering; humiliation; shame; embarrassment; worry; fear; anguish; shock; nervousness; and anxiety; all to his damage in an amount to be ascertained according to proof at trial.

21.    As a direct and proximate result of the unlawful detention and arrest, plaintiff sustained actual damages, including hotel costs stemming from his release agreement prohibiting him from living in his home, along with collateral expenses that go along with not being able to live at home. Plaintiff was forced to hire attorneys for his representation.

PAGE 6 - COMPLAINT

22.     The actions of the individual defendants, as described herein, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon plaintiff. As a result of said intentional conduct, plaintiff is entitled to punitive damages against the individual defendants in an amount sufficient to punish them and to deter others from like conduct.

23.     Plaintiff was required to hire attorneys to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

24.     Plaintiff is entitled to a jury trial.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE FOURTEENTH AMENDMENT'S**
**GUARANTEES OF EQUAL PROTECTION**
**(42 U.S.C. § 1983)**
**(Individual Defendants)**

25.     The foregoing paragraphs are incorporated herein by reference.

26.     By their actions as described herein, the individual defendants, under color of statute, ordinance, regulation, custom, or usage, subjected plaintiff to the deprivation of rights, privileges, or immunities secured by the Fourteenth Amendment of United States Constitution and laws; namely, plaintiff was arrested based upon his race. The caucasian woman who repeatedly approached his home, trespassing, intoxicated, lying to the police, was not arrested. The decision of whom to arrest and whom to believe was racially, and/or gender, based.

27.     As a direct result of defendants' actions, plaintiff suffered economic damages, in an amount to be determined at trial, due to damages as alleged in First Claim for Relief.

28.     As a direct result of the actions described herein, plaintiff sustained noneconomic damages in an amount to be ascertained according to proof at trial.

PAGE 7 - COMPLAINT

29.    The actions of the individual defendants, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon plaintiff. As a result of said intentional conduct, plaintiff is entitled to punitive damages against the individual defendants, in an amount sufficient to punish them and to deter others from like conduct.

30.    Plaintiff was required to hire attorneys to represent him in this matter and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

31.    Plaintiff is entitled to a jury trial.

### THIRD CLAIM FOR RELIEF
#### (Municipal Liability Claim - 42 U.S.C. § 1983;
#### Monell v. Dept. of Social Services and Adickes v. Kress)
#### (Racial And/Or Gender Bias)
#### (Defendant City of Eugene)

32. The foregoing paragraphs are incorporated herein by reference.

33. Defendant City has failed to properly train its officers in how to assess who to arrest in a racially, or gender, mixed situation. Race and/or gender must never be a factor when deciding whom to arrest, or whom to believe. In this case race and/or gender was the sole factor in making these decisions.

34. Defendant City is directly liable to plaintiff for its unconstitutional policies, customs, or practices; and/or for failing to properly train its officers.

35. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff incurred damages alleged herein, and was required to hire attorneys to represent him and is entitled to an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

PAGE 8 - COMPLAINT

36. Plaintiff is entitled to a jury trial.

## FOURTH CLAIM FOR RELIEF
### (Negligence - Oregon Common Law)
### (Defendant City of Eugene)

37.  The foregoing paragraphs are incorporated herein by reference

38.  The individual defendants, in committing all the aforementioned wrongs, breached their duties to the plaintiff to exercise reasonable care in the performance of their official duties, and thereby proximately and foreseeably caused plaintiff's injuries, damages and losses.

39.  Defendant City is vicariously and directly liable to plaintiff for the individual defendants' negligence and for negligently hiring, training, supervising, and/or disciplining defendants.

40.  As a direct and proximate result of the actions and omissions described in this complaint, plaintiffs incurred the damages alleged herein.

41.   Within 180 days of the incident, plaintiff served the City with a tort claim notice which gave defendants notice plaintiff would sue them under state tort law for negligence for the actions and omissions alleged herein.

42. Plaintiff is entitled to a jury trial.

## FIFTH CLAIM FOR RELIEF
### (Intentional Inflection of Emotional Distress – State Tort Action)

43. The foregoing paragraphs are incorporated herein by reference.

44.  The individual defendants' conduct alleged herein was intentional and voluntary. The acts and omissions of defendants, as alleged herein, constitute extreme and outrageous conduct, which directly and proximately caused plaintiff severe and extreme emotional distress.

The individual defendants knew or should have known that their conduct would cause plaintiff to suffer severe emotional distress, anxiety, and mental anguish.

45.  Defendants intended to place plaintiff in a state of imminent fear and severe and extreme emotional distress, and they succeeded in doing so.

46.  As a direct and proximate result of the actions and omissions described in this complaint, plaintiff sustained actual damages, including mental and emotional suffering, worry, fear, anguish, shock, nervousness, nightmares, and anxiety; all to their damage in an amount to be ascertained according to proof at trial.

47.  The actions alleged herein were taken within the scope of the individual defendants' employment or duties, and the City of Eugene is therefore liable for those actions pursuant to the Oregon Tort Claims Act.

48.  The tort claim notice referenced in paragraph 41 gave defendants notice that plaintiff would sue them under state tort law for negligence, for intentional infliction of emotional distress, and for all actions and omissions alleged herein.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests a jury trial and demands judgment in his favor and against defendants for the relief sought herein; for their reasonable costs and attorney fees; and for any other relief deemed appropriate by the court.

Respectfully submitted May 24, 2016.

s/ BRIAN MICHAELS
BRIAN MICHAELS OSB # 925607
Of Attorneys for Plaintiff

PAGE  10  - COMPLAINT