IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ALVIN JOHNS,

    Plaintiff,

v.

CITY OF EUGENE, OFFICER
YOLANDA CONNER, and OFFICER
BRYAN INMAN,

    Defendants.

Case No. 6:16-cv-00907-AA
**OPINION AND ORDER**

AIKEN, District Judge:

In this civil rights action, plaintiff Alvin Johns asserts various federal and state claims against defendants, the City of Eugene ("the City") and Eugene Police Department Officers Yolanda Anderson[1] and Bryan Inman, in connection with his arrest. After defendants moved for summary judgment on all claims, I held that plaintiff's Fourth Amendment and negligence claims could proceed to trial. *Johns v. City of Eugene*, 2018 WL 634519, *1 (D. Or. Jan. 30, 2018). Defendants appealed my denial of Officer Anderson and Officer Inman's assertion of qualified immunity to the Ninth Circuit and filed a motion for a stay of proceedings pending the

---

[1] The complaint used Officer Anderson's former surname, Conner.

Page 1 – OPINION AND ORDER

resolution of that appeal. Plaintiff responded by moving to certify defendants' appeal as frivolous. For the reasons set forth below, defendants' motion is granted and plaintiff's motion is denied.

"Although a pretrial appeal of an order denying qualified immunity normally divests the district court of jurisdiction to proceed with trial, the district court may certify the appeal as frivolous and may then proceed with trial[.]" *Padgett v. Wright*, 587 F.3d 983, 985 (9th Cir. 2009); *see also Behrens v. Pelletier*, 516 U.S. 299, 310 (deeming "appropriate" the Ninth Circuit's processes for certifying qualified immunity appeals as frivolous). An appeal is frivolous if it is "wholly without merit." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002).

A motion to certify an interlocutory qualified immunity appeal as frivolous raises an interesting question: how does the "wholly without merit" rule, *id.* at 1003 n.3, compare to the qualified immunity test itself, which requires the trial court to find that every reasonable officer would have been on notice that his conduct violated the law, *Thompson v. Rahr*, — F.3d —, 2018 WL 1277400, *4 (9th Cir. Mar. 13, 2018)? At first glance, it is a bit difficult to tease apart those two standards. It is easy to see how an ordinary claim might fail to survive summary judgment yet contain enough merit to rise above being frivolous. *Cf., e.g., Patton v. Cty. of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988) ("A prevailing civil rights defendant should be awarded attorney's fees not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious.") (internal quotation marks omitted). But by definition, qualified immunity awards all close legal calls to the state actor. A court denying qualified immunity at the summary judgment stage must conclude that, viewing the facts in the light most favorable to the plaintiff, *no* reasonable official could have

believed that her conduct was unconstitutional. When a violation of the law is objectively clear, it seems reasonable to say that it by definition is "wholly without merit" to argue otherwise. *Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991).

But the standards cannot be the same, because certification of a qualified immunity appeal as frivolous is the exception, not the rule. *See Padgett*, 587 F.3d at 985. Frivolous appeals are more than mere losing appeals; they are appeals from decisions "so plainly correct that nothing can be said on the other side." *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989); *see also Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (citing *Apostol* with approval). That is a high bar.

As the Supreme Court reiterated just last term, Fourth Amendment cases—and the determinations of qualified immunity that often accompany them—are intensely fact-specific. *See District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) ("We have stressed that the specificity of [the applicable clearly established law] is especially important in the Fourth Amendment context.") (internal quotation marks omitted). As plaintiff concedes, there is no directly on-point precedent for the factual scenario presented in this case. I decline to certify defendants' appeal as frivolous in large part due to the absence of such precedent. *See id.* at 590 (discussing the "rare obvious case, where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances," but stating that "a body of relevant case law is usually necessary to clearly establish the answer with respect to probable cause") (internal quotation marks omitted).

Plaintiff insists that the denial of qualified immunity here is not the sort of decision that is reviewable through an interlocutory appeal, citing the existence of disputed questions of material fact. Plaintiff misunderstands the applicable standard. A pretrial appeal of a qualified immunity

Page 3 – OPINION AND ORDER

decision is improper where immunity *hinges* on disputed facts—*i.e.*, if the jury believes the arresting officer's testimony, then qualified immunity applies; but, if the jury believes the plaintiff's testimony, the immunity defense is not available. *See Johnson v. Jones*, 515 U.S. 304, 313 (1995) (concluding that a district court's summary judgment order, "though entered in a 'qualified immunity' case," is not reviewable if it "determines only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial."). By contrast, a denial of qualified immunity is immediately appealable so long as the appeal is "conceptually distinct" from the merits of the action in that the

> appellate court reviewing the denial of the defendant's claim of immunity need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim. All it need determine is a question of law: whether the legal norms allegedly violated by the defendant were clearly established at the time of the challenged actions.

*Id.* at 312 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985)). Defendants' qualified immunity argument before this Court was, appropriately, that the officers did not violate clearly established law even when the evidence in the summary judgment record is viewed in the light most favorable to plaintiff. My rejection of that argument is an immediately appealable collateral order.

Defendants' appeal is not frivolous, which means that this Court is divested of jurisdiction to proceed to trial on plaintiff's Fourth Amendment claim until after the Ninth Circuit resolves that appeal. Because the factual questions underlying the Fourth Amendment claim and the state-law negligence claim are closely related (perhaps even identical), and because supplemental jurisdiction over the negligence claim is based on federal question jurisdiction over the constitutional claim, it would be inefficient to proceed to trial on the negligence claim alone.

Accordingly, I GRANT defendants' motion for a stay (doc. 87) and DENY plaintiff's request to certify that appeal as frivolous (doc. 90). The parties are ordered to file a joint status report within thirty days of the issuance of the mandate in defendants' interlocutory appeal.

IT IS SO ORDERED.

Dated this _____ day of March 2018.

_____
Ann Aiken
United States District Judge