IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ALVIN JOHNS,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF EUGENE, OFFICER YOLANDA CONNER, and OFFICER BRYAN INMAN,<br><br>    Defendants. | Case No. 6:16-cv-00907-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Defendants, as prevailing parties, have timely filed a Bill of Costs (doc. 102) with this Court following the Court's entry of a Final Judgment (doc. 100) dismissing this action. For the reasons set forth below, the Court DENIES defendants' costs.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "Costs" taxable

under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821." *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005), (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

Although Rule 54 creates a presumption in favor of awarding costs to the prevailing party, the rule also "vests in the district court discretion to refuse to award costs." *Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). This discretion is not unlimited, and a district court must provide reasons for its decision. *Id.* The Ninth Circuit was stated that

> [a]ppropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties.

*Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014). "This is not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis." *Id.* at 1248 (quotation marks omitted).

## DISCUSSION

Defendants seek $1,064.85 in costs. Several of the factors listed above, however, weigh in favor of denying costs. The issues in this case had "substantial public importance." *Ass'n of Mex-Am. Educ.*, 231 F.3d at 592. This is primarily a civil rights action brought pursuant to 42 U.S.C. § 1983 to vindicate plaintiff's constitutional rights under the Fourth Amendment and the Fourteenth Amendment's Equal Protection Clause and that, though brought by an individual, plays an important role in safeguarding against police misconduct and racial

discrimination. *See Draper v. Rosario*, 836 F.3d 1072, 1088 (9th Cir. 2016) ("Individual Eight Amendment cases are important for safeguarding the rights and safety of prisoners."). And the issues in this case were close. Indeed, plaintiff's Fourth Amendment claim survived summary judgment in this Court but was subsequently reversed on appeal.

In light of the Court's consideration of the importance, closeness, and complexity of the case and plaintiff's good faith in asserting his claims, the Court exercises its discretion to deny defendants' bill of costs.

## CONCLUSION

Defendants' Bill of Costs (doc. 102) is DENIED.

IT IS SO ORDERED.

DATED this 12th day of November 2019.

_____
Ann Aiken
United States District Judge